**SO ORDERED.**

**SIGNED this 29 day of July, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

KENNETH ELBERT BOWMAN, JR.,              CASE NUMBER: 10-01745-8-JRL
                                         CHAPTER 13
    DEBTOR.
_____

**ORDER ALLOWING MORTGAGE PAYMENTS OUTSIDE OF CHAPTER 13 PLAN**

This matter came before the court on the debtor's motion to pay mortgage payments outside plan.  A hearing was held in Raleigh, North Carolina on July 22, 2010.

On November 5, 2009, this court entered an Administrative Order Establishing Procedures Governing Post-Petition Conduit Mortgage Payments ("Administrative Order") which became effective on January 1, 2010.  The Administrative Order was carefully crafted with the intent of benefitting parties in interest through assuring accurate recorded keeping. Pursuant to the Administrative Order, all mortgage payments owed by the debtor to a real property creditor must be made through the debtor's chapter 13 plan.  Furthermore, the trustee is directed to include within the plan an allowed administrative arrearage claim.  An administrative arrearage is defined as the "total amount of two full post-petition mortgage payments and shall

be added to the Pre-Petition Arrearage claim."

On March 4, 2010, the debtor filed as an individual under chapter 13 of the Code. The debtor's spouse is not a party to the bankruptcy. The debtor owns his personal residence with the non-filing spouse through tenancy by the entirety. Bank of America is a secured creditor holding first and second deeds of trust on the debtor's primary residence. At the time of filing and continuing post-petition the debtor has remained current on both mortgages. Mortgage payments are made by the non-filing spouse with her personal earnings. The debtor contends that requiring mortgage payments through his chapter 13 plan will adversely affect the credit rating of the non-filing spouse.

In the instant case, cause exists for mortgage payments to be made directly to the secured creditor. The debtor and non-filing spouse are co-obligors on the mortgages owing to Bank of America. As the debtor aptly points out, because the mortgage is current, the delay of disbursement associated with the administrative arrearage creates an unavoidable default. This is an inequitable outcome with respect to the non-filing spouse. This finding is consistent with In re Watts, Case No. 10-01508-8-RDD, as an exception to the Administrative Order.

Based on the foregoing, the debtor's motion is **GRANTED**.

**END OF DOCUMENT**